# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ALKEYYUM DAILEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 16 C 1163** |
| | ) | |
| **DONALD ENLOE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Alkeyyum Dailey's (Dailey) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

In December 2011, Dailey was convicted in a bench trial for aggravated battery with a firearm and was sentenced to 15 years imprisonment. On December 19, 2014, Dailey's conviction was affirmed by the Illinois Appellate Court. Dailey then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied on November 25, 2015. In December 2013, Dailey filed a petition for relief from judgement in state court. The petition was denied, and the

1

record does not reflect that Dailey appealed the denial of the petition. On January 11, 2016, Dailey filed the instant Petition. Respondent has filed an answer and opposes the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

# DISCUSSION

This court has liberally construed Dailey's *pro se* filings.  *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").  Dailey asserts in the Petition: (1) that there was insufficient evidence to prove him guilty beyond a reasonable doubt (Claim 1), (2) that his fifteen-year sentence is excessive, contending that it violates the Eighth Amendment (Claim 2), (3) that his sentence is excessive, contending that it violates the Illinois Constitution (Claim 3), and (4) that his trial counsel was ineffective for failing to file a motion to reconsider his sentence (Claim 4).

## I.  Claim 1

As indicated above, Dailey argues in Claim 1 that there was insufficient evidence to prove him guilty beyond a reasonable doubt.  Dailey contends that the evidence showed that he acted in defense of another.  In assessing a sufficiency of evidence claim in a habeas petition, the court should view the evidence "in the light most favorable to the State," and find that the evidence "is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt."  *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015)(citing  *Jackson v. Virginia*, 443 U.S. 307 (1979)); *see also*

*Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016)(stating that a "state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement")(internal quotations omitted)(quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).

In the instant action, the record reflects that there was ample evidence upon which to convict Dailey. Although Dailey claimed that he acted in the defense of another, there was extensive witness testimony presented at trial and a videotape that contradicted Dailey's version of events. The fact finder clearly had a sufficient basis to find Dailey guilty based on the overwhelming evidence of his guilt. *See Woolley v. Rednour*, 702 F.3d 411, 426-27 (7th Cir. 2012)(indicating that "[s]tate court findings, including credibility determinations, are presumed correct on federal habeas review, unless the petitioner rebuts those findings with clear and convincing evidence"). Contrary to Dailey's depiction of the events that led to his conviction, there was a plethora of evidence presented at trial showing that there was no imminent threat of death or great bodily harm to Dailey or anyone else that would have justified his actions against the victim. *See* 720 ILCS 5/7-1(a)(stating that a person is justified in the use of force "only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony"). Nor has Dailey shown that the Illinois Appellate Court applied the wrong standard on direct review when concluding that there was sufficient evidence to convict Dailey. Therefore, Claim 1 lacks any merit.

## II.  Claim 2

As indicated above, Dailey argues in Claim 2 that his fifteen-year sentence is excessive and violates the Eighth Amendment.  Respondent contends that Claim 2 is procedurally defaulted because Dailey failed to adequately raise the claim in the state court process and because the Illinois court's ruling was based on an independent and adequate state law ground.

### A.  Exhaustion in State Court Review Process

Respondent contends that Claim 2 is procedurally defaulted because Dailey did not adequately raise it on review in state court.  A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'"  *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is

procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

In the instant action, the record reflects that on direct appeal, Dailey argued that his sentence was unconstitutional based on the alleged failure of the trial court to follow certain state court rules and law such as Illinois Supreme Court Rule 615(b)(4). (R Ex. B 24). Dailey did not sufficiently alert the Illinois Appellate Court of the federal constitutional claim that Dailey now seeks to bring in the Petition. *See Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016)(referencing factors to consider in determining whether "the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis")(internal quotations omitted)(quoting *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013)). Dailey thus failed to raise Claim 2 through one complete round of the state court review process and it is procedurally defaulted.

B. Independent and Adequate State Ground

Respondent argues that Claim 2 is also procedurally defaulted because the state court ruled on an independent and adequate state ground. A habeas claim is procedurally defaulted if "the state courts declined to address a petitioner's federal

claims because the petitioner did not meet state procedural requirements." *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)(explaining that "[i]n those cases, the state court judgment rests on an independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction"). In the instant action, the record reflects that although Dailey argued in his direct appeal that his sentence was unconstitutional, the Illinois Appellate Court disposed of the argument based on the fact that Dailey had forfeited his sentencing challenge under state court procedural rules by failing to make a contemporaneous objection at his sentencing and failing to file a written post-sentencing motion raising the issue. (R Ex. B 6). The record thus reflects that the Illinois Appellate Court ruled based upon an independent and adequate state ground and that Claim 2 is procedurally defaulted. The court also notes that even if Claim 2 was not procedurally defaulted, it lacks any merit.

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claim 2. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir.

2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Dailey has not provided facts showing that he was prevented from properly presenting Claim 2 in the state system in order to avoid the procedural default. Dailey has not shown cause and prejudice. Nor has Dailey shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

## III.  Claim 3

As indicated above, Dailey argues in Claim 3 that his fifteen-year sentence is excessive, contending that it violates the Illinois Constitution. A claim asserting a violation of a state court constitution is not a cognizable federal habeas claim. *See* 28 U.S.C. § 2254(a)(stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *U.S. ex rel. Carroll v. Hathaway*, 2012 WL 171322, at *7 (N.D. Ill. 2012)(finding that an argument as to a violation of "the

Illinois Constitution is not a cognizable habeas claim"). Therefore, Claim 3 is a non-cognizable claim for habeas relief. The court also notes that even if Claim 3 were a cognizable claim, it is factually baseless based on the record and lacks any merit.

## IV. Claim 4

As indicated above, Dailey argues in Claim 4 that his trial counsel was ineffective for failing to file a motion to reconsider his sentence. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *see also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance").

In the instant action, as the Illinois Appellate Court properly concluded, there was no legitimate basis to pursue a motion to reconsider in the trial court. The record

reflects that Dailey's sentence was not excessive under state law and his counsel properly chose not to pursue a meritless motion. Dailey has failed to show that his counsel provided ineffective assistance of counsel or that Dailey was prejudiced in any way by the failure to file a motion to reconsider. Thus, Claim 4 lacks any merit.

V. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Dailey has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Dailey shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Dailey decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.


Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 23, 2016